By the Court,

Cowen, J.
It cannot be necessary that I should follow counsel in examining the powers of the canal commissioners to make the lease in question, or the power of the canal board to declare it void; for, on looking more closely into its provisoes and reservations than I was enabled to do upon the argument, I entertain no doubt that the canal commissioners have don'e no more, in reducing the height of the water, than the terms of the lease warranted.
Take this to be a valid instrument; it amounts to the demise of the surplus water which should be wasted at a prescribed height of the wier, with the proviso that the water should not be so used as to interfere prejudicially with the navigation; and reserving the right to the state at any time when the commissioners should think it necessary, wholly to resume the subject of the demise without being liable to pay damages or make compensation.. Here is the *422 demise of a definite subject—a privilege to be derived from the water of a waste-wier of three. feet ten inches—and they have resumed the water by raising the wier to four feet or more. It seemed to be supposed on the argument that the clause, if valid, would warrant nothing short of a total resumption; but whether it should bé total of partial lay in the election of the state. It would be singular reasoning to say, that because the state have reserved the whole dominion, they shall not be entitled to exercise it in part, In one sense, however, the 1'e.sumption may be considered as total. The thing demised was a privilege based on a height of three feet ten inches during navigation, and less during winter. By the act of the commissioners in raising the height to the top line of the canal, the specific subject is withdrawn. It is enough, however, that it does not lie with the lessee or her assignee to object that the lessors have not done all which they reserved the right to do. It was for the benefit of the relator they did not do more. -At least he has not shown how it could work him any prejudice; and we must intend that the moderation of the state was for his benefit, till the contrary be shown. He seems to suppose a total resumption necessary, in order to raise a claim against the state for indemnity. I will consider the force of this argument under that branch of the motion which insists that the commissioners shall, if their opinion be in favor of total resumption, pay damages as if it had actually been effected.
It was thrown out that such an absolute power of revocation as. is claimed here and as I have felt bound to allow, was repugnant to the terms of the lease, and therefore void. Had this been a demise of land, there could be no doubt of the landlord’s right to limit the interest even by his own absolute will, and there is nothing in the nature of an easement which 'takes from the man who grants it, a power to impose the like limitation. The .almost universal rule is, that the owner of property may part with it, subject to such restrictions and reservations as he may think pro *423 per to impose. This doctrine will also be further considered in connection' with the relator’s claim for compensation.
No formal expression of opinion by the commissioners was necessary that the water could no longer be spared consistently with the interests of navigation. Such appears to be the fact; and the commissioners have made the requisite alteration. We must intend that they did their duty, especially so long as there is nothing appearing to the contrary. It would be a forced, not to say an impossible inference, that they acted contrary to their opinion. Whatever the fact may be, that opinion is made the test. There can be no legal objection that it was formed arbitrarily.
It is supposed that the relator is entitled to damages at least; but. on what ground I have been unable to perceive. Here is a lease, subject in express terms to a total nullification by the opinion of the lessors’ agents without the lessors being subject to damages or liable to make compensation. There is nothing in the deed itself calling for damages; but the express contrary. It goes even farther than was necessary; for the mere provision to resume, would, by its own sense, have cut off all claim to compensation. One may learn this, I should suppose, if authority were necessary, from any book which treats on the construction of contracts. Quod sub certa forma concessum vel reservatum est, non trahitur ad valorem vel com.pensationem. (Bac. Max. Reg. 4.) Bacon adds: “ The law permitteth every man to part with his own interest, and to qualify his own grant as it pleaseth himself; and therefore doth not admit any allowance or recompense, if the thing be not taken as it is granted.” Speaking of a right of common, he says it may be so framed that the grantor may avoid it altogether, or qualify it, or indeed prevent its taking effect at all. He says “he shall make void his own grant, rather than the certain form of it should be wrested to an equity or valuation.” In the case at bar, the state has done more than to insert a naked reservation. That *424 alone would cut off all claim to compensation. Who ever heard of a suit for damages because a landlord at will entered 1 But to avoid all possible misconstruction, the commissioners inserted a clause of express stipulation against compensation. The building progressed while the lessee’s eyes were entirely open. The commissioners entered in behalf of. the state and qualified the grant so early as 1832; and nothing has been done, that I see, since that time, to raise a color for claiming compensation. The waste-wier has been kept up; and it does not appear that rent has since been claimed or accepted by the state, though-it has in one instance been tendered.
It is supposed, however, that the statute, (Sess. L. 1838, p. 282, ch. 289,) contains a direction to pay damages. I think not. That statute indeed declares, that the canal commissioners are authorized to settle with all persons claiming damage on account of leased surplus water being resumed in whole or in part; and to pay the amount to be agreed upon out of the canal fund. But the statute creates no new right. It must have pre-supposed cases of legal or equitable claim; not a case where the lessee stipulated to use the water in subordination to ’ the claims of the canal, and, to enforce such use, stipulated farther, that the state might on the opinion of its agents, at any time revoke or modify the privilege without being -liable to respond in damages. A right to damages under such, circumstances, if it exist at all, is but jus precarium ; not jus legitimwm. It may be conceded that the legislature can allow the former, or they may, if you please, depute the power of allowing it to. the canal commissioners; but there is nothing in it which we can recognize. It is still, as the books say, “ a mere right in curtesy, for which there is no remedy at all.” If the state or commissioners may settle a claim based upon such a right, yet, whether they will do so, depends upon arbitrary discretion, which is never controllable by mandamus.
Motion denied.